**Danita K. PARRISH,
Plaintiff/Appellant,**

v.

**NATIONWIDE GENERAL INSURANCE
COMPANY, Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

April 1, 1987.

Permission to Appeal Denied by
Supreme Court June 1, 1987.

Jack Green, Nashville, for plaintiff/appellant.

Jerry W. Carnes, Stewart, Estes & Donnell, Nashville, for defendant/appellee.

## OPINION

LLOYD TATUM, Special Judge.

The plaintiff, Danita K. Parrish, has appealed from a summary judgment in favor of the defendant, Nationwide General Insurance Company. Plaintiff filed suit for recovery under the collision provisions of an automobile liability policy for damages to her automobile and for funeral expenses incurred under the medical coverage of the policy because of the death of her brother. The claims arose from a one-vehicle automobile accident that occurred on November 1, 1981. The trial judge granted the motion for summary judgment on the ground that there was no genuine issue that the policy had been canceled and because the policy had expired according to its own terms. We affirm the judgment of the trial court.

Both this court and the trial court must consider a motion for summary judgment in the same manner as a motion for directed verdict made at the close of the plaintiff's proof by considering all evidence in the light most favorable to the opponent of the motion and to draw all legitimate conclusions of fact therefrom in the opponent's favor. *Clark v. Brown,* 656 S.W.2d 4 (Tenn.App.1983). We review the facts established with the foregoing rule in mind.

The term of the plaintiff's policy was April 1, 1981 through October 1, 1981. The policy was originally written for a Volkswagon owned by plaintiff but on May 29, 1981, she purchased a Datsun automobile and caused the policy to be amended so as to insure the Datsun instead of the Volkswagon. At the time the Datsun was substituted for the Volkswagon, the plaintiff owed a balance of the premium in the sum of $272.01. On August 21, 1981, plaintiff was in arrears in the premium payments.

By letter dated August 21, 1981, the defendant notified the plaintiff that the policy would be canceled effective September 3, 1981, unless the defendant received $272.01 for payment of the premium before the anticipated cancellation date, September 3, 1981. The letter was mailed on or before August 22, 1981 and addressed to the plaintiff at the most recent address she had provided the defendant. The letter informed the plaintiff that if she paid the amount owing, she would retain coverage for the remainder of the term of the policy, which expired on October 1, 1981. The plaintiff had moved out of the State and had not informed the defendant of her new

address; therefore, she did not receive the letter until September 19, 1981.

The defendant insurance company having received no premium payment before September 3, 1981, canceled the policy effective September 3, 1981. There was no unearned premium due the plaintiff. To the contrary, the plaintiff owed the defendant a balance of $202.01 for coverage through the cancellation date of September 3, 1981.

On September 24, 1981, the defendant received a payment on behalf of the plaintiff in the sum of $272.01. This payment was credited to the plaintiff's account leaving a refund due her in the amount of $70.00. By letter of October 21, 1981, the defendant forwarded its check in the amount of $70.00 to the plaintiff for her overpayment of premium. Defendant inadvertently mailed the check and accompanying letter to plaintiff's previous address. Neither the letter nor the enclosed check were returned to the defendant and the check had not been negotiated. On or about November 6, 1981, the defendant received information that the letter of October 21, 1981 and the check had not been received by the plaintiff. The defendant immediately stopped payment on the first check and issued a second check to the plaintiff in the sum of $70.00 which was forwarded to the plaintiff by letter of November 10, 1981. The second check was received by plaintiff but was not negotiated.

The defendant states that she was not given proper notice of the cancellation of the policy as required by T.C.A. § 56-7-1302 and 56-7-1303. She also argues that the acceptance of the sum of $272.01 reinstated the policy to the extent that the vehicle was covered on November 1, 1981, when the accident occurred and that by accepting the $272.01 check, the defendant acquiesced in the reinstatement of the policy. She also states that she was legally justified in believing that she was covered because of the acceptance of the $272.01 check.

We do not find it necessary to consider the plaintiff's argument with reference to whether the cancellation of September 3, 1981, was effective. The evidence is clear and uncontradicted that the policy expired by its own terms on October 1, 1981. The accident out of which this suit arose did not occur until November 1, 1981, one month after the policy expired. See *Gitter v. Tennessee Farmers Mutual Insurance Company,* 60 Tenn.App. 698, 450 S.W.2d 780 (1969). Assuming that the cancellation of the policy as of September 3, 1986 was not effective, the term of the policy expired October 1, 1986—one month before the accident. We agree with the trial court that there is no material issue of fact and that the policy expired on October 1, 1981 and was not renewed or extended.

The judgment of the trial court is affirmed. Costs are adjudged against the plaintiff/appellant.

CANTRELL and LEWIS, JJ., CONCUR.